# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Christine M. Arguello

Civil Action No. 21-cv-00715-CMA

BILLA SINGH,

    Applicant,

v.

MERRICK B. GARLAND,[1] Attorney General,
JEFFERY D. LYNCH, Denver Field Office Director for Enforcement & Removal, I.C.E.,
    and
JOHNNY CHOATE, Warden, Den. Contract Det. Fac.,

    Respondents.

## ORDER GRANTING IN PART APPLICATION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on Applicant Billa Singh's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Application") (Doc. # 6). The Court must construe the Application and other papers filed by Mr. Singh liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the following reasons, the Court grants the Application to the extent it seeks an individualized bond hearing.

## I. BACKGROUND

Mr. Singh is a native and citizen of India. He became a lawful permanent resident

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Attorney General Merrick Garland is automatically substituted as a Respondent.

of the United States in 2008. In 2015 Mr. Singh was convicted in California of Assault by Means Likely to Produce Great Bodily Injury and sentenced to two years in prison. (Doc. # 15-1 (Declaration of Sarah Garcia) at p.2.) While Mr. Singh was serving his prison sentence, Immigration and Customs Enforcement ("ICE") issued a Notice to Appear charging him with being removable under 8 U.S.C. § 1227(a)(2)(A)(iii) because he was convicted of an aggravated felony. (*Id.*) He was taken into ICE custody on June 19, 2017, when he was released from prison and he currently is being held at a detention facility in Aurora, Colorado. (*Id.* at pp.2, 5.)

Following a hearing on January 9, 2018, the Immigration Judge denied Mr. Singh's request for a custody redetermination, finding that Mr. Singh failed to establish he is not a danger to the community. (*Id.* at p.4.) A second motion for custody redetermination was denied following a hearing in October 2018 because the Immigration Judge found that Mr. Singh failed to show materially changed circumstances since his initial bond hearing. (*Id.* at p.5.) A request for a third custody redetermination hearing was denied in June 2020. (*Id.* at p.6.)

Removal proceedings before the Immigration Judge lasted until April 2018 when all applications for relief were denied. (*Id.* at pp.3-5.) In January 2020 the Board of Immigration Appeals denied Mr. Singh's appeal from the decision of the Immigration Judge. (*Id.* at p.6.) Mr. Singh then filed a Petition for Review in the United States Court of Appeals for the Ninth Circuit. (*Id.*) The Ninth Circuit stayed removal and the Petition for Review remains pending. (*Id.* at p.7.) According to Mr. Singh, the Ninth Circuit has not set a schedule for oral arguments. Respondents assert that in April 2021 the Ninth

Circuit granted Mr. Singh's motion to submit the case on the briefs. (*Id.*)

Mr. Singh claims in the Application that his continued detention violates due process. More specifically, he contends the Constitution limits the duration of immigration detention and that, if "detention becomes unreasonably prolonged, due process compels the government to furnish [detainees] with an individualized determination as to their flight risk or dangerousness to people or property." (Doc. # 6 at p.5.) Mr. Singh maintains he has been in immigration custody for approximately four years, and it will be months and possibly years before his pending Petition for Review is resolved by the Ninth Circuit. He further maintains that his detention is likely to continue beyond the Ninth Circuit's decision because of "[t]he strength of [his] Petition for Judicial Review" and "the likelihood of a remand to the Immigration court or to the BIA." (Doc. # 6 at p.7.) As relief Mr. Singh asks the Court to order his release within thirty days unless Respondents schedule an individualized bond hearing before an Immigration Judge at which the government bears the burden to demonstrate by clear and convincing evidence that Mr. Singh is a flight risk or a danger to the community.

On April 6, 2021, Respondents were ordered to show cause why the Application should not be granted. On May 6, 2021, Respondents filed a Response to Order to Show Cause (Doc. # 15). On May 28, 2021, Mr. Singh filed a Reply (Doc. # 16).

## II. ANALYSIS

The Court has jurisdiction under 28 U.S.C. § 2241 to consider Mr. Singh's constitutional claim. *See Demore v. Kim*, 538 U.S. 510, 517 (2003).

**A. Statutory Framework for Detention**

A little background is helpful to provide context for the constitutional claim. In general, detention of aliens within the United States is governed by 8 U.S.C. § 1226 and 8 U.S.C. § 1231. Section 1226 grants authority to detain aliens prior to entry of a final order of removal and § 1231 authorizes detention during the removal period that commences after entry of a final order of removal. The removal period begins on the latest of the following dates:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). As noted above, Mr. Singh has filed a Petition for Review of the removal order and the Ninth Circuit has granted a stay of removal. Therefore, pursuant to § 1231(a)(1)(B)(ii), the removal period has not started and Mr. Singh's detention is governed by § 1226.

Section 1226(a) generally grants the Attorney General discretion to arrest and detain an alien pending a decision on whether the alien should be removed. However, § 1226(c) *requires* detention of certain aliens, including aliens who are "deportable by reason of having committed any offense covered in [8 U.S.C. § 1227(a)(2)(A)(iii)]." 8 U.S.C. § 1226(c)(1)(B). Title 8 U.S.C. § 1227(a)(2)(A)(iii) states that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."

Mr. Singh does not challenge the determination that he was convicted of a

4

qualifying aggravated felony and he apparently concedes he is being detained in accordance with § 1226(c)(1)(B). He also does not contend that the sole exception to mandatory detention under § 1226(c), which is found in § 1226(c)(2) and relates to witness protection, is applicable. As a result, his detention is mandatory. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 847 (2018) ("We hold that § 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness-protection purposes.").

Because Mr. Singh is being detained pursuant to § 1226(c), he does not have a statutory right to a bond hearing or a custody redetermination hearing. *See Jennings*, 138 S. Ct. at 846, 850-51 (rejecting arguments that § 1226(c) should be interpreted to include an implicit 6-month time limit on the length of mandatory detention and that aliens detained under § 1226(c) must be given periodic bond hearings).

**B. Constitutionality of Continued Detention**

"It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Demore*, 538 U.S. at 523 (internal quotation marks omitted). It is equally clear that "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* at 531. The question before the Court is whether Mr. Singh's ongoing detention has become constitutionally unreasonable such that he is entitled to an individualized bond hearing as a matter of due process.

Respondents argue the Tenth Circuit's decision in *Soberanes v. Comfort*, 388 F.3d 1305 (10th Cir. 2004), controls the outcome of this case and requires the Court to

reject Mr. Singh's due process claim. In *Soberanes*, the Tenth Circuit considered the detention of an alien subject to a final order of removal who had a petition for review of the denial of his motion to reopen the deportation proceeding pending before the Ninth Circuit. *Id.* at 1307-08. Because the alien was subject to a final order of removal, the Tenth Circuit considered the challenge to detention under the framework in *Zadvydas v. Davis*, 533 U.S. 678 (2001), which allows confinement of an alien under 8 U.S.C. § 1231 "'until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future,' and the onus is on the alien to 'provide[] good reason to believe that there is no [such] likelihood' before 'the Government must respond with evidence sufficient to rebut that showing.'" *Soberanes*, 388 F.3d at 1310-11 (quoting *Zadvydas*, 533 U.S. at 701) (brackets in original). The Tenth Circuit concluded the detention in *Soberanes*, which was "directly associated with a judicial review process that has a definite and evidently impending termination point," was "clearly neither indefinite nor potentially permanent like the detention held improper in *Zadvydas*" and, instead, was "more akin to detention during the administrative review process [under § 1226(c)] which was upheld in *Demore v. Kim*, 538 U.S. 510, 527-29, 531, 123 S. Ct. 1708, 155 L. Ed.2d 724 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process." )." *Soberanes*, 388 F.3d at 1311.

The Court does not agree that *Soberanes* controls the outcome in this action because the alien in *Soberanes* was detained under § 1231 and his detention was reviewed under *Zadvydas*. Here, Mr. Singh is being detained under § 1226(c) and is not asserting a *Zadvydas* claim. The Tenth Circuit's reference in *Soberanes* to the detention

6

at issue in *Demore*, which admittedly involved § 1226(c), in rejecting the *Zadvydas* claim does not alter this conclusion. Furthermore, to the extent *Soberanes* is relevant to a claim challenging continued detention under § 1226(c), it is important to note that the Tenth Circuit affirmed the denial of habeas relief without prejudice to the filing of a new § 2241 petition if circumstances change. *See id.* Thus, *Soberanes* cannot be read to justify detention solely because a petition for review is pending as Respondents contend. With respect to changed circumstances, Mr. Singh's detention for approximately four years is significantly longer that the detention at issue in *Soberanes*, where the alien was taken into custody in July 2002 and the Tenth Circuit's decision was issued twenty-six months later on September 21, 2004.

For the same reasons discussed in *Villaescusa-Rios v. Choate*, No. 20-CV-03187-CMA, 2021 WL 269766 (D. Colo. Jan. 27, 2021), the Court also finds that *Demore* does not preclude the Court from ordering an individualized bond hearing.

> In *Demore*, the Supreme Court considered the constitutionality of a six-month period of mandatory detention pursuant to Section 1226(c). Though Respondents are correct that the Court in *Demore* found no constitutional violation, they remove the Court's holding from its factual context. The *Demore* Court's holding that Section 1226(c) permissibly imposes mandatory detention for the "brief period necessary for . . . removal proceedings," 538 U.S. at 513, 523, is rooted in the reality that, at that period in time, mandatory detentions were brief:
>
>> in 85% of the cases in which aliens are detained pursuant to § 1226(c), removal proceedings are completed in an average time of 47 days and a median of 30 days. In the remaining 15% of cases, in which the alien appeals the decision of the Immigration Judge to the Board of Immigration Appeals, appeal takes an average of four months, with a median time that is slightly shorter. . . . In sum, the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is

> invoked, and about five months in the minority of cases in
> which the alien chooses to appeal.
>
> *Id.* at 529-30 (citations omitted). Moreover, Justice Kennedy's concurrence reinforced that a short duration of detention was dispositive of the majority's holding. He reasoned that because "the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." *Demore*, 538 U.S. at 532 (Kennedy, J., concurring). Accordingly, this Court agrees with the District of Minnesota and numerous of other federal district courts in concluding that "*Demore* expressed the understanding that detention under § 1226(c) would be brief, and this assumption was 'key to [the Court's] conclusion that the law complied with due process.'" *Muse v. Sessions*, 409 F. Supp.3d 707, 716 (D. Minn. 2018) (citation omitted).

*Villaescusa-Rios*, 2021 WL 269766 at *2 (footnote omitted, brackets in original). Thus, the Court "applied a multi-factor balancing test to evaluate whether mandatory detention without an individualized bond hearing has become unconstitutionally prolonged." *Id.* at *3.

Respondents argue that *Villaescusa-Rios* and similar cases involved aliens who were not subject to a final order of removal and did not have petitions for review pending in the court of appeals, and thus the cases "do not suggest that this Court should not follow *Soberanes*." (Doc. # 15 at pp.7-8.) The Court is not persuaded because, as discussed above, *Soberanes* is distinguishable. Therefore, the Court will consider the same factors addressed in *Villaescusa-Rios*. Those factors are:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Villaescusa-Rios*, 2021 WL 269766 at *3.

Regarding the first factor, Mr. Singh's detention to date has lasted approximately four years, including approximately 32 months since his most recent custody redetermination hearing in October 2018. Respondents cite no authority that it is constitutionally permissible to detain someone for such a lengthy duration without due process and district courts have found much shorter periods of detention to be unreasonable. *See, e.g., Singh v. Choate*, No. 19-CV-00909-KLM, 2019 WL 3943960 (D. Colo. Aug. 21, 2019) (ordering individualized bond hearing where detention lasted over 20 months), *appeal dismissed*, No. 19-1416, 2020 WL 2028502 (10th Cir. Jan. 22, 2020); *Muse*, 409 F. Supp.3d at 716 (ordering individualized bond hearing where detention lasted over 14 months and noting that, "[a]s detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing."). This factor weighs heavily in Mr. Singh's favor.

"Second, the Court considers how long the detention will likely continue in the absence of judicial relief." *Villaescusa-Rios*, 2021 WL 269766 at *3. There is no indication that Mr. Singh will be released while his petition for review is pending and Respondents assert only that "a decision [from the Ninth Circuit] is likely to come soon." (Doc. # 15 at p.1.) Because there is nothing in the record before the Court to indicate Mr. Singh's detention will not last for several more months or even longer, this factor also weighs in his favor.

The third factor considers the conditions of Mr. Singh's detention. "In analyzing this factor, courts consider whether 'the facility for the civil immigration detention is meaningfully different from a penal institution for criminal detention.'" *Villaescusa-Rios*,

2021 WL 269766 at *4 (quoting *Sajous v. Decker*, No. 18-CV-2447 (AJN), 2018 WL 2357266 (S.D.N.Y. May 23, 2018)). "'The more that the conditions under which the alien is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing.'" *Id.* (quoting *Muse*, 409 F. Supp.3d at 717).

Here, Respondents assert that Mr. Singh is being held in a part of the detention facility that exclusively holds immigration detainees; immigration detainees at that facility have no contact with and are subject to different rules than detainees being held in the custody of the United States Marshal in a different part of the facility; and Mr. Singh typically is allowed outside of his detention cell and given access to the day room, showers, and recreation yard from 5:30 a.m. until 10:30 p.m. on weekdays and until midnight on weekends. However, other than being held exclusively with other immigration detainees, Respondents do not explain how these conditions differ from penal confinement. Accordingly, this factor also weighs in Mr. Singh's favor.

The fourth and fifth factors address the reasons for delays in the removal proceedings. There is no allegation or indication that the Government has delayed those proceedings. Mr. Singh concedes he requested continuances during the proceedings before the Immigration Judge totaling about 105 days. Respondents note that Mr. Singh also requested and received extensions of time to file briefs in his appeal to the BIA and in connection with his petition for review in the Ninth Circuit and Mr. Singh does not contend otherwise. Although there is no indication the requests for continuances and extensions of time were sought for an improper purpose, these factors weigh in favor of Respondents.

"Sixth, and finally, the Court considers the likelihood that the removal proceedings will result in a final order of removal." *Villaescusa-Rios*, 2021 WL 269766 at *5. The parties do not address this factor but the Court notes that Mr. Singh has been denied relief in the removal proceedings thus far. Accordingly, this factor appears to weigh in favor of Respondents.

On balance, and particularly in light of the long duration of his detention to date, the Court finds that the relevant factors weigh in Mr. Singh's favor. Therefore, continued detention requires an individualized bond hearing before an Immigration Judge to comport with due process.

### III. CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

• The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. #6) is GRANTED;

• Within 14 days from the date of this Order, Respondents shall take Applicant before an immigration judge for an individualized bond hearing in which the government shall bear the burden to demonstrate by clear and convincing evidence that Applicant is a flight risk or a danger to the community; and

• The Clerk of Court is directed to close this case.

DATED June 4, 2021.

BY THE COURT:

*Christine M. Arguello*

CHRISTINE M. ARGUELLO
United States District Judge